Duggan Law Offices
23505 E. Appleway Ave.
Suite 200-175
Liberty Lake, WA 99019
Telephone: (509) 353-2767
matt@mattdugganlaw.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>KOBY DON WILLIAMS,<br><br>    Defendant. | Case No.: 2:23-CR-00024-RMP<br><br>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONDIDERATION OF ORDER OF DETENTION |

  Defendant, Koby Don Williams, by and through his attorney, Robert Cossey and Matthew F. Duggan, submit the following Memorandum in Support of Motion for Reconsideration of Order for Detention pursuant to 18 U.S.C. Sec. 3142.

## Background

  The Defendant is charged with a single count of violating 18 U.S.C. § 2242(b). On March 14, 2023, the Defendant requested his release from custody at his Initial Appearance. The Pretrial Services Report (ECF 9) suggested that there were conditions of release that would reasonably assure the appearance of the Defendant and the safety of the community. The Defendant has no failures to

Defendant's Memorandum in Support of Motion for Reconsideration Order of Detention- 1

appear nor any significant criminal history. He is a long-time resident of the Inland Northwest and has strong family and emotional ties to this community. The Defendant also has a demonstrated compliance with conditions of release on related state charges. The Defendant has been a law enforcement officer and a member of the military.

Because the Defendant was indicted for violating 18 U.S.C. § 2422(b), it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community subject to rebuttal by the Defendant, 18 U.S.C. § 3142(e)(3)(E). Once this presumption is raised, "the defendant has the burden of production to come forward with evidence to rebut the presumption." This burden, however, does not shift to the defendant the government's burden of persuasion. Instead, the defendant must produce some evidence that he is not a danger to the community or a flight risk. If the defendant produces sufficient evidence to rebut the presumption, the Government then must persuade the Court that no condition or combination of conditions can reasonably protect the safety of the community and assure the defendant's appearance.

Defendant is charged with violating 18 U.S.C. Section 2242(b). The charge alone, however, is not dispositive of the detention issue. Otherwise, the presumption would be irrebutable, and Congress has made it clear that while the presumption is a strong one, it can be rebutted. Factors are relevant to this inquiry—the Two additional circumstances surrounding the offense and the weight supporting the charge. Although a finding of probable cause by the grand jury in its indictment is sufficient to trigger the presumption of no pretrial release in this

Defendant's Memorandum in Support of Motion for Reconsideration Order of Detention- 2

case, every defendant, including this one, retains a presumption of innocence. Thus, in deciding whether this presumedly innocent defendant should be detained pending his trial, the Court is required to examine the circumstances surrounding the charge and the weight of the evidence supporting it.

The Government does not argue that Defendant is a flight risk. Therefore, the Court focuses on whether he is a danger to the community. Mr. Williams is not a danger to the community. He has been a law enforcement officer for decades protecting his community from criminal conduct. He has lived in the Inland Northwest for hears. His family and their home are located in this district and he has the staunch support of his family.

Mr. Williams now requests this Court to reconsider his detention based on new factors described below.

### A. Erroneous Information Presented in Prior Release Hearing

As a preliminary matter, at Mr. Williams' most recent detention hearing before Magistrate Judge Ekstrom, the United States filed in is Response to Opposing Motion for Reconsideration of Order of Detention (ECF 25) and included information that is attributable to a different defendant, NOT attributable to Mr. Williams. The United States on August 4, 2023, filed an Amended Response in ECF 30. In that Amended Response, the United States removed those facts not attributable to Mr. Williams. The information that was included in error and not attributable to Mr. Williams is found in ECF 25 at page 7, lines 17-22:

> "The evidence proffered by the United States demonstrates Defendant has a sexual interest minor children, has an interest in and has collected child pornography for years, and has sexually assaulted two minor children. The Defendant has admitted the same."

Defendant's Memorandum in Support of Motion for Reconsideration Order of Detention- 3

Again, the above information does not apply to Mr. Williams and apparently was a carryover from a previous response used for a different defendant. While it is difficult to say the impact this erroneous information had on the Magistrate Judge, the inclusion of this information likely played a role in the decision made regarding detention.

Mr. Williams does not have a sexual interest in minor children this is confirmed by the author of his psychosexual evaluator, Julie Crest, whose report is expected soon. Mr. Williams has never collected child pornography and has not sexually assaulted any minor children. Mr. Williams requests that the Court not consider that information in making its decision. This erroneous information itself constitutes new information for purposes of this hearing.

**B. Lack of Medication in the Jail**

Prior to Mr. Williams' incarceration, he was receiving Gabapentin to treat anxiety and alcohol craving and for neuropathy to treat pain. Lithium was prescribed for improved mood and to diminish hopelessness. Emsam was prescribed for depression. Bariatric vitamins for post gastric bypass surgery for nutrient absorption. Ketamine cannot be prescribed in the jail but

Defendant's Memorandum in Support of Motion for Reconsideration Order of Detention- 4

could be administered and is recommend by Dr. Repass for treatment of depression.

None of these medications and treatments are being provided to Mr. Williams in the jail despite his requests made by sending kites to the jail medical staff. Those kites are attached to this memorandum. Magistrate Ekstrom expressed an interest in the Defendant providing these kites for review at the most recent detention hearing. These medications and treatments could be provided to Mr. Williams as prescribed by Dr. Repass in an out of custody setting.

**C. Mental Health Concerns**

Mr. Williams suffers from severe depression which has been in an alarming decline since his incarceration which has been in solitary confinement. Mr. Williams has been under the care prior to, and since, his incarceration by psychiatrist Dr. Richard E. Repass, M.D. Dr. Repass documented this in a letter attached dated August 2, 2023. In that letter which has not been previously provided to the Court, Dr. Repass shares his concerns that Mr. Williams is suffering from severe acute depression on top of chronic depression. Specifically, Dr. Repass notes that the isolation is

Defendant's Memorandum in Support of Motion for Reconsideration Order of Detention- 5

multiplying his hopelessness. To further complicate this condition, Dr. Repass notes that the treatment Mr. Williams had been receiving ketamine, TMS therapy, and Emsam[1] (a depressive disorder medication) which has not been provided in the jail. Mr. Williams also suffers from sleep apnea and is without his prescribed BiPap machine causing him to not sleep exacerbating his mental decline.

Dr. Repass had remarkable success in treating Mr. Williams prior to his incarceration and continues to work with him while incarcerated. Unfortunately, much of this progress is stymied with his incarceration in solitary confinement.

**D. Flight Risk**

United States Probation prepared a Pretrial Services report in ECF 9, filed on March 14, 2023. In that report, the author suggested that "conditions of release can be fashioned by the Court that would reasonably assure future court appearance and address the danger to other persons or the community. It is respectfully recommended that the defendant be released from detention under the following conditions listed below."

Arrest behavior was not a factor as Mr. Williams turned himself in

---

[1] Mr. Williams is currently receiving a 6 mg Emsam patch, however, Dr. Repass has prescribed a 12 mg patch.

Defendant's Memorandum in Support of Motion for Reconsideration Order of Detention- 6

when requested by law enforcement. Mr. Williams also complied with conditions imposed in related State charges.

Mr. Williams entire world is in the Eastern District of Washington. His family is here and his home is here. If Mr. Williams were located anywhere else in the country, he would return to this area because this is where is life is. Mr. Williams has the staunch support of his wife and sister who will make certain that he complies with conditions the court imposes.

### E. Financial Implications

Mr. Williams was the sole financial provider for his family. Since Mr. Williams' incarceration he has not earned any income. If Mr. Williams were released, he would participate in job retraining scheduled for September that would allow him to receive significant financial assistance that will assist his family in keeping the family home.

### F. Treatment Options

Mr. Williams is able and willing to participate in, as a condition of release, either inpatient or intensive outpatient alcohol treatment as prescribed by Dr. Repass.

### G. Conditions to Assure Reappearance and Community Safety

Defendant's Memorandum in Support of Motion for Reconsideration Order of Detention- 7

In short, Mr. Williams is willing to abide by any conditions the Court imposes and suggests a SCAM CAM alcohol monitoring bracelet which provides 24/7 transdermal alcohol testing by automatically sampling the user's perspiration every thirty minutes.

Mr. Williams is also willing to abide by any internet restrictions the Court may require. Mr. Williams will abide by any curfew, house arrest, or electronic monitoring to ensure compliance with conditions.

## **CONCLUSION**

Based on the foregoing reasons, the Defendant respectfully requests this Court to release Mr. Williams on the conditions listed in the Pretrial Services Report ECF 9.

Dated: August 10, 2023.

***s/ Matthew F. Duggan***
Matthew F. Duggan
Attorney for Defendant

Defendant's Memorandum in Support of Motion for Reconsideration Order of Detention- 8